KELLEY DRYE & WARREN LPP
101 Park Avenue
New York, New York 10178
(212) 808-7800
Robert I. Steiner

Attorneys for Creditor
WACHOVIA BANK, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Delphi Corporation,<br><br>    Debtor.<br><br>Wachovia Bank, National Association,<br><br>    Appellant,<br><br>    v.<br><br>Delphi Corporation, *et al.*,<br><br>    Appellees. | 1:07-cv-05656-SAS<br><br>**DECLARATION OF ROBERT I. STEINER, ESQ. IN SUPPORT OF CONSENT MOTION TO STAY APPEAL** |

**DECLARATION OF ROBERT I STEINER, ESQ.
IN SUPPORT OF CONSENT MOTION TO STAY APPEAL**

Robert I. Steiner, declares pursuant to 28 U.S.C. §1746:

1. I am a member of the bar of this Court and a member of Kelley Drye & Warren LLP, counsel for Wachovia Bank, National Association ("Wachovia" or "Appellant"), in the above captioned proceeding. I respectfully submit this declaration in support of the Consent Motion to Stay Appeal.

2. With the consent of Delphi Corporation, *et al.* (the "Debtors" or "Appellees," and together with Appellant, the "Parties"), the Appellant hereby moves (this

1579318 v1
NY01/FLANS/1219378.1

"Motion") the Court for the entry of an order staying all proceedings in the appeal of the *Order Denying Motion By Wachovia Bank, National Association, For Relief From Automatic Stay To Proceed With Litigation Against Larry Graves, A Delphi Employee, In the Circuit Court Of The Second Judicial District Of Hinds County Mississippi* (the "Order") entered in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on May 2, 2007, Case No. 05-44481, at Docket No. 7840. In support of this Motion, Appellant states as follows:

3. On October 8 and 14, 2005, the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. The Bankruptcy Court ordered the joint administration of the Debtors' chapter 11 cases (the "Bankruptcy Case"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. Wachovia timely filed identical proofs of claims in the Bankruptcy Case against two of the Debtors, Delphi Corporation and Delphi Automotive Systems, LLC ("Delphi Automotive"), each in the amount of $6,656,624.92. Wachovia has consented to the disallowance of the proof of claim against Delphi Corporation as duplicative of the Delphi Automotive proof of Claim. The Debtors have filed an objection to Wachovia's proof of claim against Delphi Automotive, which Wachovia opposes.

6. On or about November 28, 2006, Wachovia filed its *Motion Pursuant To 11 U.S.C. § 362 For Relief From The Automatic Stay, If Applicable, To Proceed With Litigation Against Larry Graves, A Non-Debtor Delphi Employee, In The Circuit Court Of The Second Judicial Of Hinds County, Mississippi* (the "Stay Motion") in the Bankruptcy Case, at Docket No. 5951.

7.  The Bankruptcy Court's Order denied the relief requested in the Stay Motion, and Wachovia commenced this appeal (the "Appeal") of the Bankruptcy Court's Order by filing its *Notice of Appeal* on May 11, 2006.

8.  Designations of the record and issues on appeal were timely filed in the Bankruptcy Court, and the Appeal was entered on the docket of this Court.

9.  Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Appellant is required to serve and file a brief within 15 days of the entry of the Appeal, and Appellees are required file and serve a brief within 15 days after service of the Appellant's brief.

10. By this Motion, and with the consent of Appellees, Wachovia requests that the Appeal be stayed and all briefing deadlines tolled. The Parties have reached an agreement in principle to settle the Debtors' objection to Wachovia's proof of claim against Delphi Automotive (the "Settlement") and intend to seek Bankruptcy Court approval of the Settlement. Upon approval of the Settlement by the Bankruptcy Court, the Appeal will be voluntarily dismissed in accordance with Rule 8001(c)(2) of the Federal Rules of Bankruptcy Procedure.

11. Accordingly, the Parties request the stay of the Appeal and the tolling of all briefing deadlines for so long as the Appeal shall be stayed so as to allow the Parties the obtain Bankruptcy Court approval of their Settlement and to prevent the Parties from incurring further costs and expenses in connection with this Appeal.

12. All Parties to the Appeal consent to the relief requested hereby and to the entry of the proposed order attached hereto.

**WHEREFORE** Wachovia requests the entry of an order staying the Appeal and tolling all briefing deadlines in the Appeal unless and until such time as Appellant or Appellee

hereafter moves the Court to lift the aforementioned stay for cause shown. A proposed order is attached as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2007.

_____<br>Robert I. Steiner